## GILBERT HILLMAN *versus* NATHAN WILCOX.

An affirmation or representation of the quality of an article, at the time of selling it, is held to be a warranty, if so intended by the parties to the sale, and not intended merely as the expression of an opinion.

If the seller represent the article to be sound, when he in fact knows that it is not sound, and if the purchaser relies on that representation as a warranty, the seller is liable. And the purchaser may elect to pursue his remedy, either by action of tort or of assumpsit.

EXCEPTIONS from the District Court, GOODENOW, J.

Assumpsit upon a warranty in the sale of a yoke of oxen by the defendant to the plaintiff. The oxen were unsound, and the plaintiff contended that the defendant warranted them to be sound. There was much testimony, and it was somewhat conflicting, as to the language used by the defendant in making the sale.

*R. Goodenow*, for defendant.

The representation of the defendant, in order to constitute a warranty, must have been one of the terms or elements of the contract, and made at the time of sale. 3 Black. Com. 166; Comyn on Con. 257; 3 Starkie's Ev. 1666.

Even if, after the contract was perfected, and the property had passed from the defendant, he did say he would warrant the oxen sound, it was but *nudum pactum.* 2 Espinasse's N. P. 631.

A warranty of soundness of a chattel is *never implied.* 2 East, 314; 2 Black. Com. 451; 3 *ib.* 165; 3 Starkie's Ev. 469, note e.

The rule of the common law is well established, that upon a sale of goods, if there be no *express warranty* of the quality, and no actual fraud, the maxim *caveat emptor* applies, and the goods are at the risk of the buyer. *Winsor* v. *Lombard,* 18 Pick. 59, 60; 2 Kent's Com. 3d ed. 478; *Mixer* v. *Coburn,* 11 Metc. 562.

An assertion respecting the article sold, in order to amount to a warranty, must be positive and unequivocal, and one on which the buyer places reliance.

As to the form of action and the distinction between an action of assumpsit on a warranty, and an action founded in deceit, and the evidence to sustain each, I refer to 2 Dane's Abridg. c. 62, a 4, § 1, 2, 3, to 16; *Thompson* v. *Ashton,* 14 Johns. 314, 316; *Myer* v. *Eveth,* 4 Camp. 22; *Cutler* v. *Cox,* 2 Blackford, (Jas.) 178; 3 Starkie's Ev. 1665, and note; and *Evertson* v. *Mills,* 6 Johns. 138.

*II. & H. Belcher,* for plaintiff.

WELLS, J. — This was an action of assumpsit upon a warranty, alleged to have been made by the defendant upon an exchange of cattle, in representing those owned by him to be sound. It is now well settled, that an affirmation or representation, in relation to the quality of a chattel at the time of the sale or exchange, is considered a warranty, when it is so intended by the parties, and is not mere matter of opinion. *Hastings* v. *Lovering,* 2 Pick. 214.

The Judge of the District Court instructed the jury, " that this was an action of assumpsit, and to maintain it, it would be necessary for the plaintiff to prove, that the defendant

warranted the cattle to be sound at the time of the sale; that representations that they were sound, if false and the defendant was proved to have known they were false, would not be sufficient to maintain the action in its present form, although they would be sufficient to maintain an action for deceit in a different form from this action."

If the defendant represented his oxen to be sound, when he knew they were not, and the parties relied upon the representations as a warranty, he would undoubtedly be liable to an action *ex delicto* for the deceit. The plaintiff might elect to sue him in assumpsit or case, if the representations were intended as a warranty. 1 Chitty's Plead. 138; *Williamson* v. *Allison*, 2 East, 446. The plaintiff might adopt either form of action. He would not be compelled to explore the disposition of mind, with which the defendant made the representations, if they were sufficient of themselves to imply a warranty. He could not be deprived of his action of assumpsit upon representations amounting to a warranty, because they were made by the defendant *malo animo*. When there is a warranty the *scienter* is immaterial, and upon a breach of it, the form of action may be in case or assumpsit.

It appears from the case of *Williamson* v. *Allison*, that the ancient mode of declaring upon a broken warranty was in tort, that the warranty is the thing, which deceives the buyer, who relies upon it and is put off his guard, and the breach of it establishes the deceit, but it was found more convenient to declare in assumpsit for the sake of adding the money counts.

In that case the declaration was in tort, for a breach of warranty, and although the *scienter* was alleged, it was held unnecessary to prove it.

The exceptions are sustained
and a new trial granted.