THE PEOPLE v. THE CIRCUIT JUDGE.

## The People, on the relation of Augustus W. Hensler, v. The Circuit Judge for the County of Wayne.

*Declaration — amendments.* — The Circuit Court has no power to allow a declaration filed in a case to be so amended as to change the form of action from trover to assumpsit.

*Heard April 26.    Decided April 26.*

Motion for mandamus to the Circuit Judge for the County of Wayne.

Judgment was rendered against the relator, as defendant, before a Justice of the Peace, in an action of trover. The plea was the general issue. The relator appealed to the Circuit Court, and at the next following term, on motion of the plaintiff, and due notice to defendant, (who did not appear, however,) an order was granted by the Court, allowing the plaintiff to file an amended declaration in assumpsit. To the amended declaration the relator did not plead.

Two terms of Court subsequently elapsed, at both of which the case was noticed for trial. At the third term, the defendant moved to have said amended declaration stricken from the files, which was denied, and afterwards, during the same term, his default, for want of plea to said declaration, was entered and made absolute; but, before judgment, he procured an order of the Court staying further proceedings.

The relator made application for mandamus, to compel the Circuit Judge to strike from the files and records of said cause said amended declaration.

*H. M. Cheever*, for the relator, argued that the Court had no power to allow the filing of the amended declaration.

*Ward & Palmer*, for respondent, *contra*.

The Court held that the Circuit Judge had no power

to allow an amendment of the declaration, so as to change the form of action from trover to assumpsit, and that the relator was entitled to a writ of mandamus to compel the Circuit Judge to strike the amended declaration in the cause from the files.

The case of *The People v. The Judge of the Circuit Court for the County of Washtenaw*, 2 *Doug.*, (*Mich.*), 434, approved.

*Mandamus granted.*

---

## Michael B. Kean v. David Mitchell.

*Declaration on simple contract — statement of consideration.* — In declaring upon a simple contract, except those which import a consideration, the whole consideration should be set forth, so as to show distinctly in what it consists, in order that the Court may judge of its sufficiency to sustain the promise alleged.

*Defective statement of consideration in a declaration — issue of fact joined.* — A statement of consideration in a declaration that is sufficient to sustain a judgment, though so defective as to be fatal to the declaration on demurrer, cannot be taken advantage of upon a trial of an issue of fact.

*When defective allegation of consideration will sustain a judgment.* — An allegation of consideration in a declaration, though defective, will be sufficient to sustain a judgment, when, from the issue as actually made, it can fairly be presumed that the evidence necessary to establish a case was given under it.

Therefore, where a declaration alleged a sale, and an agreement by the defendant to deliver goods "for a good and valuable consideration, paid by the plaintiff to the defendant," and, upon an issue of fact and trial, judgment was rendered for the plaintiff; — *Held*, That said allegation of consideration, although it could not have been sustained on demurrer, was sufficient to support the judgment.

*Heard April 5. Decided April 26.*

Error to Oakland Circuit.

*Charles P. Crosby* and *Theodore Romeyn*, for plaintiff in error:

The *special* counts are substantially defective, and are bad on error, for the reason that they contain no legal statements of a sufficient consideration.