CHARLES CARTER v. WILLIAM GLASS.

*Horse trade—Breach of warranty—Form of the action.*

A party who has been induced to exchange a horse for another by means of a false warranty of the horse received, may sue in tort for the deception, and set out in his declaration the false warranty as the means whereby he was injured.

The fact that he sets out the warranty in his declaration, and avers its breach, does not make his declaration one in *assumpsit*, when the essentials of a declaration in case appear.

Error to Cass.   Submitted June 15.   Decided June 23.

TRESPASS ON THE CASE for damages.   Defendant brings error.   Affirmed.

*Howell & Carr* for plaintiff in error cited on the form of the declaration :   *Weall v. King* 12 East 452 ; *Johnson v. McDaniel* 15 Ark. 109 ; *Lassiter v. Ward* 11 Ired. 443 ; *Bartholomew v. Bushnell* 20 Conn. 271 ; *Kimball v. Cunningham* 4 Mass. 502 ; *Applebee v. Rumery* 28 Ill. 280.   A declaration for deceit should allege a *scienter :   Hartford*

*Live Stock Ins. Co. v. Matthews* 102 Mass. 221; and a return or offer to return the property : *Miller v. Barber* 66 N. Y. 564.

*Harsen D. Smith* for defendant in error cited in favor of the declaration : 2 Chit. Pl. 281 ; *Norton v. Colgrove* 41 Mich. 544.

COOLEY, J.	But one question is presented by this record, namely, whether the count in the plaintiff's declaration on which he was permitted to recover in the court below, was a count in tort or upon a warranty.	The count is as follows :

"And for that whereas the said plaintiff heretofore to wit, on the 28th day of November, A. D. 1879, at the township of Porter, in the county of Cass and State of Michigan, at the special instance and request of the said defendant, bargained with the said defendant to exchange with the said defendant the certain horse of the said defendant and for a certain horse of said plaintiff's of great value, to wit, of the value of one hundred and fifty dollars, the said defendant then and there warranting the said horse to be sound and all right every way, then and there falsely and fraudulently sold and exchanged the same horse with the said plaintiff for the said horse of the said defendant to be delivered to said plaintiff as aforesaid, and the said plaintiff confiding in the said warranty that said horse was sound and all right every way as aforesaid ; afterwards, to wit, on the day and year aforesaid, at the township of Porter, in the county of Cass and State of Michigan, delivered his said horse to the said defendant in exchange for the said horse of the said defendant.	Whereas, in truth and in fact at the time of the making of the said false warranty as aforesaid, and of the said exchanges as aforesaid, the said horse of the said defendant was not sound and all right every way, but on the contrary thereof there was, and still is, unsound, and hath become, and is of no use or value to the said plaintiff, and also by means of the promises the said plaintiff hath lost and been defrauded of the use of his said horse, to wit, at the township of Porter, in the county of Cass and State of Michigan aforesaid, and so the said plaintiff saith that the said defendant on the said sale and exchange falsely and fraudulently deceived and defrauded the said plaintiff as aforesaid, at the township of Porter, in the county of Cass and State of Michigan aforesaid, and also

the said plaintiff was then and there put to great expense and charges in and about feeding, keeping and taking care of the said horse. Wherefore the said plaintiff saith that he is injured, hath sustained damages to a large amount, to wit, to the amount of one hundred dollars, and therefore he brings suit," etc.

The court below treated this as a count in tort, and allowed the plaintiff to recover, as upon a rescission of the contract. The defendant insists that it is a count in assumpsit, and in affirmance of the contract.

It was decided in *Beebe v. Knapp* 28 Mich. 53, that an action on the case may be maintained for false representations in the sale of property whereby the vendee was deceived and defrauded, even though the vendor was not aware of the falsity of the representations when he made them. But there is no doubt the representations in such a case may be treated. as warranties, and assumpsit brought at the option of the vendee. *Hawkins v. Pemberton* 51 N. Y. 198; *Wheeler v. Reed* 36 Ill. 81; *M'Gregor v. Penn* 9 Yerg. 74; *Henshaw v. Robins* 9 Met. 83; *Burge v. Stroberg* 42 Ga. 88; *Stone v. Covell* 29 Mich. 359. As the declaration in either case must set out the facts, there must necessarily be considerable similarity, and this is not the first instance by many in which a count meant to be in case for the deceit has been mistaken for one in assumpsit. But the leading case of *Williamson v. Allison* 2 East 446 fully sustains the ruling of the court below. It was there said by Lord Ellenborough that " the warranty is the thing which deceives the buyer who relies on it, and is thereby put off his guard. Then if the warranty be the material averment, it is sufficient to prove that broken to establish the deceit: and " the form of the action cannot vary the proof in that respect." The same case decides that it is not necessary either to aver or prove the *scienter*, and to render the case more completely like the present in principle, the declaration there as here failed to aver an offer to return the property in the sale of which the tort was committed. The doctrine of that case is familiar law in this country. *Beeman v. Buck* 3 Vt. 53; *West v. Emery* 17 Vt.

583; *Johnson v. McDaniel* 15 Ark. 109; *Hillman v. Wilcox* 30 Me. 170; *Newell v. Horn* 45 N. H. 421; *Ives v. Carter* 24 Conn. 392. An examination of *Ross v. Mather* 51 N. Y. 108, which questions the soundness of *Williamson v. Allison*, will show that the criticism was based on a misapprehension of the point decided.

All the errors relied upon in this case depend upon the one noticed. The judgment was right, and must be affirmed with costs.

The other Justices concurred.