ORRIN K. HOPKINS v. PETER J. O'NEIL, JR.

*False warranty—Averments of declaration.*

A declaration in case for false warranty may be sustained without allegations that defendant "falsely and fraudulently warranted" and "falsely and fraudulently deceived" the plaintiff, if the substantial averments show the false warranty and the fraudulent sale, and deception of the purchaser.

Error to St. Clair. Submitted June 21. Decided June 29.

TRESPASS on the case for damages from false warranty. The counts of plaintiff's declaration were as follows: For that whereas, the said plaintiff heretofore, to-wit: on the 20th day of May, in the year 1880, at St. Clair, in said county of St. Clair, at the special instance and request of the said defendant, bargained with the said defendant to exchange with the said defendant a certain yacht called the "Phaon," with small boat and furniture complete, of the said defendant, for a certain yacht of the plaintiff, called the "Amy," of great value, to-wit: of the value of five hundred dollars, and for a certain sum of money, to-wit: four hundred dollars to be therefor paid and delivered by the said plaintiff to the said defendant, together with the said yacht "Amy" of the said plaintiff in exchange for the said yacht "Phaon," her small boat and furniture, of the said defendant; and the said defendant by then and there *warranting* the said yacht "Phaon" of the said defendant to be sound and in good condition then and there *falsely and fraudulently sold and exchanged* the said yacht, her small boat and furniture, with said plaintiff for the said yacht of the said plaintiff and for the said sum of money to be paid and delivered by the said plaintiff to the said defendant, together with the said yacht of the said plaintiff, as aforesaid. And the said plaintiff confiding in the said warranty afterwards, to-wit: on the day and year aforesaid, in the county aforesaid, delivered his yacht "Amy" and paid the sum of four

hundred dollars in money to said defendant in exchange for the said yacht "Phaon," the small boat and furniture of said defendant. Whereas, in truth and in fact at the time of the making of the said *false warranty* as aforesaid, and of the said exchange as aforesaid, the said yacht "Phaon" of the said defendant was not sound and was not in good condition, but on the contrary thereof, then was and still is unsound and rotten, and hath become and is of no use or value to the said plaintiff, and also by means of the premises the said plaintiff hath lost and been deprived of the use of his said yacht, and hath also been defrauded of the said sum of money. Wherefore, the said plaintiff saith that he is injured and hath sustained damage to the amount of $1000, and therefore brings his suit. The court below held that the declaration was insufficient. Defendant urged that it should have alleged: (1) "That defendant falsely and fraudulently warranted," etc.; (2) "That by means of the premises the defendant falsely and fraudulently deceived the plaintiff;" (3) "That it should have wound up by alleging, ' and so the said plaintiff saith that the said defendant falsely and fraudulently deceived him, the said plaintiff,' " etc. Plaintiff brings error. Reversed.

*Edward T. Solis* and *H. W. Stevens* for plaintiff in error.

*O'Brien J. Atkinson* for defendant in error.

MARSTON, C. J. We are of opinion that the declaration in this case was sufficient in substance. The part omitted, and which was contained in *Carter v. Glass* 44 Mich. 154, adds nothing to the substantial averments. This whole matter has so recently been fully discussed in this court and the distinctions pointed out, that any extended remarks in the present case are wholly unnecessary. *Carter v. Glass* 44 Mich. 154; *Briggs v. Milburn* 40 Mich. 512; *Norton v. Colgrove* 41 Mich. 544.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.