DOYLE v. PELTON.

1. PLEADING—COMMON COUNTS—DRIVING LOGS.
   An action on the common counts in *assumpsit* will not lie to recover expenses incurred in breaking a jam and driving logs in a stream under 2 Comp. Laws, § 5075; the declaration should state the facts constituting the cause of action.

2. SAME—ASSUMPSIT.
   An action of *assumpsit* will not lie to recover the expenses of plaintiff in merely moving defendant's logs to one side of a stream, so as to permit his own logs to float down the stream.

3. LOGGING—BREAKING JAMS—STATUTORY REMEDY.
   Expenses incurred in merely moving defendant's logs to one side of a stream, so that plaintiff's logs can be driven through, cannot be recovered in an action brought under 2 Comp. Laws, § 5075, providing a remedy for expenses incurred in breaking a jam and driving the logs of another.

4. PLEADING—AMENDMENTS—TORTS—ASSUMPSIT.
   The court will not allow an amendment adding a count in tort for obstructing a stream to a declaration in *assumpsit*.

Error to Cheboygan; Shepherd, J. Submitted June 20, 1903. (Docket No. 76.) Decided September 15, 1903.

*Assumpsit* by William H. Doyle and William F. Doyle, copartners as Doyle & Son, against David C. Pelton and William Reid, copartners as Pelton & Reid, for expenses incurred in moving defendants' logs. From a judgment for defendants on verdict directed by the court, plaintiffs bring error. Affirmed.

*Cross & Harpster*, for appellants.

*Frost & Sprague*, for appellees.

CARPENTER, J.    Under a declaration on the common counts in *assumpsit*, plaintiffs sought to recover, in the circuit court for the county of Cheboygan, for expenses incurred in moving logs of defendants in the channel of Pine river, in the counties of Mackinac and Chippewa. The testimony of plaintiffs tended to show that, in order to use said river for the purpose of floating their own logs, they were compelled to and did move the logs of defendants; that they did not drive defendants' logs, but simply moved them to one side, so as to make a channel through which their own logs could pass. It was the claim of plaintiffs that, by reason of the above-mentioned facts, a cause of action accrued in their favor against defendants, which, according to section 5075, 2 Comp. Laws, could be enforced under their declaration. The trial court decided that this cause of action could not be enforced under a declaration on the common counts in *assumpsit*, and directed a verdict for the defendants.

This decision was correct, not only for the reason that plaintiffs should have stated in their declaration the facts which constitute their cause of action (see *Chicago & Northeastern R. Co.* v. *Sturgis*, 44 Mich. 538 [7 N. W. 213]; *Anderson Carriage Co.* v. *Pungs, ante*, 79 [95 N. W. 985]), but also for the reason that plaintiffs' cause of action could not be enforced in an action of *assumpsit*. The case of *Chapman* v. *Manufacturing Co.*, 20 Mich. 358, is not applicable. In that case it was decided that plaintiff, who, in order to drive his own logs, was com-

pelled to, and did, break a jam of logs made by defendant, and drive said logs, was entitled, by section 5075, 2 Comp. Laws 1897, to recover his expenditure in an action of *assumpsit*. The section relied upon reads as follows:

"If any person or persons shall put or cause to be put into any  *  *  *  river  *  *  *  of this State any logs, *  *  *  and shall not make adequate provisions and put on a sufficient force of men for breaking jams of such logs,  *  *  *  or for running, driving, or clearing the same from the banks or shores of such  *  *  *  river, *  *  *  and shall thereby  *  *  *  hinder or delay the running of any logs, timber, lumber, cedar poles, or other forest products in such waters, it shall be lawful for any other person  *  *  *  engaged in floating logs, timber, lumber, cedar poles, or other forest products in such  *  *  *  river  *  *  *  to cause such jams to be broken, and such logs  *  *  *  to be run, driven, and cleared from the banks of such  *  *  *  river,  *  *  *  at the cost and expense of the person or persons  *  *  *  owning the same; and such owner or owners shall be liable to the person or persons  *  *  *  doing or causing such work to be done for such costs and expenses."

Subsequent language of the statute gives the person doing the work a lien on said logs for his charges, and the right to their possession until said lien is satisfied.

All that the plaintiffs in this case did, as heretofore stated, was to move the logs aside, so as to make a channel through which their own logs might be driven. We cannot hold that this is the work specified in the statute. Merely moving the logs aside is not the equivalent of breaking the jam *and driving* the logs. The work of driving the logs is beneficial to their owner. It is no benefit to him—indeed, it may be injurious to his interests—to move them to one side of the stream in which they lie. One who seeks the advantages of this statute should perform its obligations. It was held in the case of *Chapman* v. *Manufacturing Co.*, *supra*, that the obligation of the owner of the logs to compensate the plaintiff might be enforced in an action of *assumpsit*, "under the theory of a promise to pay, adopting the conclusive presumption that

every man promises to pay what it is his legal duty to pay;" or, as stated in the case of *Woods* v. *Ayres*, 39 Mich. 345 (33 Am. Rep. 396), because "the statute simply imposes the duty to pay." The statute does not impose upon the owner of logs the duty to compensate plaintiffs for merely making a passageway through those logs. If any such obligation exists, it arises under the principles of the common law, and not by virtue of the statute. It cannot, therefore, be claimed that the statute provides any remedy for the plaintiffs' grievance. That remedy must be found in the principles of the common law. According to those principles, an action on the case for a tort is the appropriate remedy, if plaintiffs have any grievance whatever.

It follows from this reasoning that the court did not err in refusing to permit plaintiffs to amend their declaration, for the court did not possess power to permit plaintiffs to add a count for a tort to the common counts in *assumpsit*. See *People* v. *Wayne Circuit Judge*, 13 Mich. 206; 1 Chitty, Pl. pp. 108, 109.

The judgment of the court below must therefore be affirmed.

The other Justices concurred.