ARNOLD *v.* WHITE.

1. SALES—WARRANTY—BREACH—FORM OF REMEDY.

> For a breach of warranty of title to personal property, recovery may be had either in case or assumpsit, case being preferable where the breach has occasioned damages in addition to loss of the property.

2. SAME—PLEADING—AMENDMENTS — PROPRIETY — NEW CAUSE OF ACTION.

> Where the declaration, in an action on the case for false warranty of title to personal property sold, claimed damages actual and consequential, the allowance of an amendment counting on an oral agreement made some time after the sale, by which defendant agreed to make good to plaintiff any loss he might sustain by allowing a mortgagee to take the property, was improper, as introducing into an action sounding in tort a cause of action upon which recovery could be had only in assumpsit.

Error to Lenawee; Chester, J. Submitted May 4, 1908. (Docket No. 84.) Decided July 13, 1908.

Case by Edward B. Arnold against Elmer J. White for a breach of warranty in the sale of certain horses. There was judgment for plaintiff and defendant brings error. Reversed.

*John L. O'Mealey* and *Bird & Sampson,* for appellant.

*Smith, Baldwin & Alexander,* for appellee.

McALVAY, J. Plaintiff brought suit in an action on the case for damages for a breach of warranty in the sale of a team of horses and set of double harness purchased by plaintiff from defendant in March, 1905. The declaration filed in the case, omitting the formal entitling, was as follows:

"Edward B. Arnold, plaintiff herein, by Smith, Baldwin & Alexander, his attorneys, complain of Elmer J. White, the defendant herein, of a plea of trespass on the case. Suit having been commenced by summons.

"For that whereas: on to wit, the 15th day of March, A. D. 1905, at the said county, in consideration that the plaintiff, at the request of the defendant, would buy of the defendant a certain span or team of horses, one a grey gelding of the age of six years, the other a brown mare of the age of ten years, and a certain double harness with brass trimmings all for a certain price, $200, to be paid by the plantiff to the defendant, he, the defendant, undertook and then and there represented, warranted and promised plaintiff that the said horses and harness were free and clear of all claims, liens, mortgages and incumbrances of every name and description, and were the sole and absolute property of the plaintiff.

"And plaintiff avers that he relied upon said promise, agreement and representation and was induced thereby to purchase and did buy and purchase the said horses and harness, and did pay to defendant then and there said sum of money.

"Yet, the said defendant, disregarding his said representation, promise and warranty, fraudulently deceived and defrauded plaintiff in that said horses and harness were not free from all mortgages, incumbrances, claims and liens of every description, and said horses were mortgaged and said harness was mortgaged, and there were liens and incumbrances upon said property, and said property was not the sole and absolute property of the said defendant, and said mortgages, incumbrances and liens were equal to and in excess of the value of said property and of the amount so paid by plaintiff, to wit, $200. All of which was contrary to the said defendant's warranties, representations, promises and undertakings; and by reason of such incumbrances, mortgages, liens and claims plaintiff has been wholly deprived of said property and the use thereof.

"Further avers that on to wit, the 19th day of August, 1905, said horses were taken from him under chattel mortgage and by virtue of a lien and incumbrance thereon, so that said plaintiff has wholly lost said horses and the use thereof from said time on.

"Further avers that he bought said horses for use upon a farm which he was working and that for said purpose said horses were valuable to him, and the use valuable to

him. That had said horses been free and clear from all incumbrances, as represented by defendant, they would have been worth to him and all others a large sum, to wit, the sum of $300, and their use for the balance of the season would have been worth to him a large sum, to wit, $200.

" Further avers that by reason of being deprived of the use of said horses he has been unable to carry on his business without material damage and injury to him and for the want of such horses has suffered large damages for the want of the use thereof, to wit, in the amount of $200.

"Also avers that he has been put to large cost and expense in time and money in attempting to learn the facts as to said incumbrances upon said horses and property and in the investigation of his rights, to wit, the sum of $50.

"Further avers that said defendant well knew at the time he made said representations that the same were untrue and that said property was incumbered for full value thereof.

"And plaintiff avers that by reason of the said fraudulent promises and representations of the defendant he has suffered large damage, in all to the amount of $500, whereby a cause of action hath accrued to the plaintiff to have and recover in an action on the case, against the defendant, his damages, as aforesaid, in all to the sum of $500 and therefore he brings suit."

The plea was the general issue with notice, to the effect that the mortgage under which the team was taken was void and of no effect and was no lien, and that, if plaintiff carelessly permitted the horses to be taken from his possession and out of the State, the defendant could not be charged with any loss or damage resulting therefrom. The substance of the pleadings is given because of an amendment to the declaration allowed by the court upon the trial against the objection of defendant.

The facts necessary to be stated are, that this property was purchased in Lyons, Ohio, by Adelbert Wilbur from one A. R. Chandler, August 23, 1904, and, to secure the payment of the purchase price, Wilbur gave Chandler a chattel mortgage upon this and other property, which

mortgage was duly filed where the mortgagor lived. About September 1, 1904, Wilbur brought the property into Michigan, and sold it to defendant for cash, warranting his title. White had no notice or knowledge of this mortgage. White retained and worked the horses until March following, when he sold them for $200 to plaintiff, in good faith warranting his title. Neither party to this suit had notice or knowledge of this mortgage until August 19, 1905, when the mortgagee came from Ohio and claimed the property under it. The mortgage was never filed in Michigan. Both plaintiff and defendant were good-faith purchasers for a valuable consideration without notice. The mortgagee first went to defendant, and with him went to plaintiff, demanded the horses, and, after some delay, by consent of plaintiff, took the horses away with him, and during the night crossed the State line into Ohio with them. What occurred at that interview between these three parties is in dispute. The plaintiff's claim is that defendant advised him to surrender the horses to the mortgagee in order to save costs and expenses, and that he agreed if plaintiff did so to make good any loss and damage he might sustain; that, relying on this agreement, he surrendered the horses to Chandler. It also appears that he consulted his attorney, who advised him to the same effect, and that he could look to defendant for damages. Defendant denies that this agreement was made. During the trial of the case, these facts appearing, plaintiff asked leave to amend his declaration so as to set forth this claimed promise made at the time the horses were taken away from plaintiff. This amendment was granted over defendant's objection that it was stating a new and different cause of action. The case was tried and submitted to the jury solely upon the question as to whether this promise was made. The record shows that the attorneys for both parties and the court all agreed that the lien of this mortgage was of no force and effect in Michigan as against this property in the hands of this plaintiff, a bona fide holder. The question

is whether the amendment allowed by the court stated a new and different cause of action from that set forth in the declaration.

Plaintiff could have brought his action either in trespass on the case or in assumpsit. The pleader elected to bring an action sounding in tort. The declaration is in trespass on the case for false warranty, for which damages, actual and consequential, are claimed. *Carter* v. *Glass*, 44 Mich. 154, and cases cited.

The course taken in this case is indicated as the preferable one, where the breach of warranty has occasioned damages in addition to the loss of the property. 30 Am. & Eng. Enc. Law (2d Ed.), p. 189.

The amendment allowed by the court, and upon which recovery was had, was upon a state of facts occurring six months after the warranty, upon a parol agreement entirely different from the original warranty, and upon which recovery could be had only in assumpsit. This court has held repeatedly that an amendment which changes the form of action from one sounding in tort to assumpsit, or vice versa, is not allowable. *People* v. *Wayne Circuit Judge*, 13 Mich. 206, and cases cited in note; *Doyle* v. *Pelton*, 134 Mich. 398. The amendment should not have been allowed.

The judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.