BLANKSMA v. KING.

1. FRAUD—PLEADING—FALSITY.

On objection to the introduction of testimony for the alleged reason that the declaration failed to charge fraud and was insufficient, the trial court properly held that the allegations that certain false and fraudulent representations were made, relied on and deceived plaintiff, whereby he paid certain money to defendant, who converted it to his own use, stated a case.

2. EVIDENCE—COMPROMISE—CURING ERROR.

The action of the trial court in sustaining an objection to evidence of an offer of compromise made by defendant, and withdrawing from the jury the answer of the witness, protected defendant's rights.

3. NEW TRIAL—MOTIONS.

It is correct to deny a new trial if alleged newly discovered evidence would not change the result.

Error to Kent; McDonald, J. Submitted October 11, 1912. (Docket No. 56.) Decided November 8, 1912.

Case by Peter Blanksma against George W. King for fraud and deceit. Judgment for plaintiff. Defendant brings error. Affirmed.

*Charles A. Watt*, for appellant.

*Linsey & Shivel*, for appellee.

BROOKE, J. In this suit plaintiff declared as follows:

"For that whereas, at the time of committing of the several wrongful acts by the said defendant hereinafter mentioned, and for a long space of time immediately previous, the said defendant professed and practiced medicine and surgery in the city of Grand Rapids, in the county of Kent, and State of Michigan; and whereas, on, to wit, the 1st day of May, 1910, said defendant was called professionally to treat one Henry Blanksma, brother of this plaintiff, and treated the said Henry Blanksma from that time on, to wit, the 5th day of May, 1910, when he, the said Henry Blanksma, died, and that on, to wit, the 7th day of May, 1910, said Henry Blanksma, deceased, was buried by and under the direction of one Charles A. Humphrey, an undertaker, residing and doing business in the city of Grand Rapids, Mich., who furnished the necessary furnishings, paid the funeral expenses, and performed the services of directing the funeral and interment of the remains of said deceased, that the said Charles A. Humphrey was procured at the request of this plaintiff to take charge of the burial of said deceased, as aforesaid, and, for the expense and charges of said Charles A. Humphrey therefor, this plaintiff became and was responsible to pay the same to him, that said charges and expenses on the part of the said Charles A. Humphrey were in the sum of $161: The plaintiff alleges that on, to wit, the 12th day of May, 1910, the said defendant, intending to injure and defraud the said plaintiff, did go to the said Charles A. Humphrey, and fraudulently represent and pretend to the said Charles A. Humphrey that he wanted a bill of the services of the said Charles A. Humphrey, as aforesaid, in order that he, the said defendant, might present the same to, this plaintiff at the time that he, this defend-

ant, presented his bill for professional services. And the plaintiff alleges that the said defendant did procure from the said Charles A. Humphrey a bill for the services of the said Charles A. Humphrey in the sum of $161, and did on, to wit, the 12th day of May, 1910, with the intent to defraud and injure this plaintiff, present to this plaintiff a false and fraudulent statement of the claim of the said Charles A. Humphrey, in the sum of $352; that the said defendant, falsely and fraudulently with the intent to defraud this plaintiff, did claim and represent to this plaintiff that the bill of the said Charles A. Humphrey was the sum of $352, as aforesaid, and by such false and fraudulent representations did induce this plaintiff to make out his personal check on his account in the Madison Square Bank of Grand Rapids in the sum of $352, payable to the said Charles A. Humphrey, and delivered the said check to the said defendant for the said Charles A. Humphrey, and in payment of the charges and expenses of the said Charles A. Humphrey for the burial of said deceased, as aforesaid, and for no other purpose. Plaintiff further alleges that the said defendant, with the intent to defraud and injure this plaintiff, did take said check to the said Charles A. Humphrey, and fraudulently and falsely represent and pretend to the said Charles A. Humphrey that the said sum of money represented by said check was in payment of his, the said Charles A. Humphrey's claim of $161, and the claim of this defendant of $191 for professional services performed, as aforesaid; that upon the representations of the said defendant, as aforesaid, the said Charles A. Humphrey presented said check for payment at the Branch Commercial Savings' Bank, West Side, and received the sum of $352; that the said Charles A. Humphrey then paid this defendant upon his representations as aforesaid the sum of $191; that said check was presented to the Madison Square Bank in due course, and the said sum of $352 was paid from the account of this plaintiff. The plaintiff further alleges that he believed these representations and statements made by the said defendant, as aforesaid, and relied thereon, and that, by reason thereof, he was induced to deliver to the said defendant his check as aforesaid, and that the said defendant did wrongfully and fraudulently receive the said sum of $191, and has converted the same to his own use. Plaintiff alleges that, by reason of premises as aforesaid, he has been deprived of said sum of

$191 and the use thereof, and has been greatly injured and damaged to the amount of, to wit, $500, and therefore he brings suit."

To this declaration a plea of the general issue was interposed by defendant. The jury rendered a verdict against defendant in the sum of $197.37, upon which judgment was entered. Defendant reviews that judgment in this court by writ of error.

Defendant's first assignment of error is based upon the action of the court in refusing to sustain his objection to the introduction of any testimony under the pleading; it being his claim that the declaration does not state a cause of action. In support of his contention, defendant cites and relies upon *Parker* v. *Armstrong*, 55 Mich. 176 (20 N. W. 892). We are unable to find that the declaration in the case at bar presents the infirmity pointed out in that case. This declaration clearly avers that the defendant made the false and fraudulent representations, that they were believed and relied upon by plaintiff, and that as a result the defendant wrongfully and fraudulently received the sum of $191, the property of the plaintiff. Defendant's objection was properly overruled. *Hopkins* v. *O'Neil*, 46 Mich. 403 (9 N. W. 448), and cases there cited; 20 Cyc. p. 98.

In the course of the trial, defendant, upon cross-examination, was asked if he had not offered $100 to settle the matter. The question was objected to and the answer excluded. In addition thereto the court said:

"Mr. Watt may have an exception, and the jury is instructed that they must forget the testimony or the question. It was not answered. Don't allow it to influence your verdict in the least."

There is no merit in this exception. We are of opinion that defendant's rights were fully protected.

Error is assigned upon the denial of a motion for a new trial principally based upon the fact that defendant had discovered new evidence. Touching this assignment, it is sufficient to say that we agree with the finding of the

learned circuit judge that the evidence referred to would not change the result upon a new trial. *Morin* v. *Robarge*, 132 Mich. 337 (93 N. W. 886).

We find no error in the record, and the judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.