## CLEM v. FULGHAM.   (No. 2983.)

Court of Civil Appeals of Texas.   Amarillo.
March 14, 1928.

Rehearing Denied April 4, 1928.

**1. Fraud ⊕30—One taking title to lot as security for debt of beneficial owner is not liable for misrepresentations of agent of beneficial owner.**

One taking title to lot from party purchasing it as security for debt is not chargeable with any false representation as to size of lot made by agent of the beneficial owner to a subsequent purchaser.

**2. Fraud ⊕52—In action for rescission and damages for false representations, evidence of representations with which defendant was not connected was inadmissible.**

In action for rescission on sale of lot and recovery of moneys expended, because of false representations as to size of lot, evidence of representations with which defendant is not shown to have been connected was inadmissible, and, where admitted, had no probative force against him.

**3. Fraud ⊕59(1)—Damages of one seeking rescission and recovery of moneys expended because of false representations are measured by actual loss.**

In action for rescission of sale of lot and for money expended in attempting to make use of property, because of false representations as to size of lot, plaintiff's damages will be measured by his actual loss, and will not include the benefits of the contract he has repudiated.

**4. Fraud ⊕64(1)—Whether admitted facts constitute actionable fraud is question for court and not jury.**

The question as to whether the admitted facts constitute actionable fraud is one for the court and not for the jury.

**5. Fraud ⊕13(2)—Whether false representation made in warranty deed is actionable does not depend on grantor's knowledge of its falsity.**

Whether or not representation made in warranty deed when shown to be false is actionable does not depend on knowledge on part of grantor that it is false, since, if made with purpose of inducing other party to act on it, and it is acted on to that party's injury, it can be made basis of suit for rescission and cancellation.

**6. Fraud ⊕6—"Constructive fraud" is breach of duty which law declares fraudulent because of its tendency to deceive, to violate confidence, or injure public interests; "actual fraud."**

Fraud is classified generally as "actual" and "constructive" fraud; "constructive fraud" being a breach of legal or equitable duty which, irrespective of moral guilt of fraud-feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests, and neither actual dishonesty or purpose, nor intent to deceive, is an essential element. and therein

lies the distinction between "actual" and "constructive" fraud.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Fraud; Constructive Fraud.]

**7. Fraud ⊕58(2)—Grantor's knowledge of falsity of representation may be implied from existence of false warranty.**

Knowledge on part of the grantor that a representation made in a warranty deed is false may be implied from the existence of the false warranty.

Appeal from District Court, Dallas County; Royal A. Watkins, Judge.

Action by W. W. Fulgham against O. E. Clem. Judgment for plaintiff, and defendant appeals. Affirmed.

George T. Burgess, of Dallas, for appellant.
Crate Dalton and N. B. Halporn, both of Dallas, for appellee.

RANDOLPH, J.   This suit was filed by W. W. Fulgham, as plaintiff, against O. E. Clem, as defendant.

On trial, after hearing the evidence, the court instructed the jury to return a verdict for the plaintiff and to assess the plaintiff's damages in the sum of $1,050, made up of the following items: Building the foundation, $300; material for foundation, $350; refund for purchase price of property, $200; return of lumber, $200—and judgment was rendered on said verdict accordingly. From this judgment, Clem has appealed.

Plaintiff in his petition alleged that, acting through one Snow, plaintiff purchased a lot on Montreal street in the city of Dallas, and entered into a contract purchasing the same as a lot 50 feet wide by 200 feet long. A few days later Snow is alleged to have informed plaintiff that in fact the lot was 70.4 feet wide by 179 feet deep, but that he would sell it to the plaintiff for the price named in the contract executed, to wit, $200 cash and a note for $2,300, payable in 90 days; that the plaintiff, believing and relying upon said representations as to the size and dimensions of the lot, agreed to purchase it on the terms and conditions stated; that, acting in accordance with said agreement and understanding, the defendant thereafter, on or about the ——— day of August, 1925, made, executed, and delivered to plaintiff a certain warranty deed purporting to convey to this plaintiff the said lot, which is described in said deed as being 70.4 feet wide by 179 feet deep; that the plaintiff, believing and relying upon the said representations made by Snow as to the dimensions of said lot, accepted said deed and placed the same of record, paid the defendant the $200 cash, and executed and delivered to the defendant the note for $2,300. Further, said petition alleges that

plaintiff informed said agent, Snow, that he was purchasing the lot for the purpose of erecting thereon a four-apartment house and expected to begin the construction at once, and that he did proceed with the construction of said building, doing certain work and incurring certain expenses, until he discovered that said lot was only 50 feet wide by 168 feet deep, when he ceased work, and here seeks a cancellation of said deed and note, the refunding of the cash purchase money, and also seeks to recover the money expended by him in attempting to utilize the lot for the purposes for which he purchased same. Plaintiff also makes tender of deed reconveying the title to the defendant.

Defendant filed his answer, consisting of general and special exceptions, general denial, and special plea not necessary to be set out at this time.

[1] The evidence discloses that one Parks was indebted to the defendant, Clem; that Parks, in taking the title to the lot from the party from whom he purchased it, had the deed made to Clem, as security for the debt owing him, and Parks, not Clem, was the beneficial owner of the title to the lot; that Clem was in California during the negotiations of the trade, and that the plaintiff never had any conversation with Clem at any time with reference to the lot sold plaintiff; that the agent, Snow, was representing Parks, the beneficial owner of the lot, in the sale of same to the plaintiff; and that the plaintiff, in contracting for the purchase of the lot, accepted a contract signed by Parks, such beneficial owner.

This being true, Clem could not have been guilty of making false representations to plaintiff as to the size of the lot. If Snow, as the agent of Parks, made any false representations as to the size of the lot, certainly Clem cannot be charged with them.

[2] Evidence of representations with which defendant, Clem, is not shown to have been connected, is inadmissible (27 C. J. § 182, p. 53), and, where admitted, has no probative force as against Clem.

As we view it, there were no representations as to the size of the lot made by Clem or by any one authorized to act for him, except the statement made in the warranty deed, which was executed by Clem to the plaintiff. The original negotiations for the sale of this lot between Snow and plaintiff were for the sale of a lot 50 by 200 feet. The abstract disclosed a lot 70.4 by 179 feet, and Parks executed a contract of sale covering a lot of that size and dimensions. There is and can be no controversy over the fact that Clem executed and delivered to the plaintiff his warranty deed, in which the size of the lot was given as 70.4 feet wide by 179 feet in depth. Was this an actionable representation upon proof of its falsity?

It will be remembered that the plaintiff's petition is an action for rescission and cancellation, and for such damages as were caused to him in his attempt to make use of the lot, and was not an affirmance of the contract.

The plaintiff, appellee herein, contends that the measure of damages is the difference between the consideration paid and the value of the land actually conveyed, and cites George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, and many other Texas cases in support of this contention. An examination of these cases shows that they were based on contracts which were not sought to be repudiated—that is, as in the Hesse Case, the plaintiff, without attempting to disaffirm the contract, brought suit for the decreased value of the property purchased.

[3] In this case, the suit is one for rescission and cancellation and for money expended in attempting to make use of property for which it was purchased. This being the cause of action, the rule is:

"Where a defrauded party has the right to rescind and to sue for damages in deceit, his damages will be measured by his actual loss and will not include the benefits of the contract he has repudiated. In other words, the measure of plaintiff's damages is not compensation for breach of the contract but compensation for the injury he has sustained through being inveigled into the contract." 27 C. J. § 255, p. 103.

[4] The question as to whether the admitted facts constitute actionable fraud is one for the court and not for the jury. 27 C. J. § 208, p. 71.

Chief Justice Key, of the Austin court, in the case of Holland v. Western Bank & Trust Co., 56 Tex. Civ. App. 324, 118 S. W. 218, 119 S. W. 694, lays down the rule that a party to a deed has the right to disaffirm or to rescind the contract, or to affirm it and sue for the difference in the value of the land as fraudulently represented and as actually existing, but that he was not entitled to both remedies. In that case, as in the case at bar, the petition went further and alleged that, on account of the fraudulent conduct alleged, he had been induced to incur certain expenses in the attempt to utilize the property. See, also, Fahey v. Kaies (Tex. Civ. App.) 181 S. W. 782.

[5] Whether or not a representation made in a warranty deed, when shown to be false, is actionable, does not depend on knowledge on the part of the grantor that it is false. If made with the purpose of inducing the other party to act on it, and it is acted on to that party's injury, it can be made the basis of a suit for rescission and cancellation.

[6, 7] Fraud is classified generally as actual and constructive fraud. Constructive fraud is a breach of legal or equitable duty, which, irrespective of the moral guilt of the

fraud-feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud, and therein lies the distinction between actual and constructive fraud. 26 C. J. p. 1061. It is therefore held that knowledge may be implied from the existence of a false warranty. 26 C. J. § 42, p. 1115.

It is held, in the case of Hexter v. Bast, 125 Pa. 72, 17 A. 254, 11 Am. St. Rep. 877, that the general rule is, to support an action of deceit properly so called, it must appear that the representation was untrue, that the defendant knew or ought to have known at the time it was made, that it was untrue, that it was calculated to induce plaintiff to act upon it, and that, believing it to be true, he was induced to act accordingly; and further:

"As a general rule, the statement must be both false and fraudulent; but, if a person take upon himself to state as true that of which he is wholly ignorant, he will, if it be false, incur the same. legal responsibility as if he had made the statement with knowledge of its falsity; the fraud consists in representing that he knows that of which he in fact is consciously ignorant. So, too, if a person is thrown off his guard and deceived by a false and fraudulent warranty, it is sufficient, to prove the warranty broken, to establish the deceit (Addison on Torts, 1181); for one will be presumed to know of the existence or nonexistence of af fact which he undertakes to warrant."

See, also, Wallace v. Tanner, 118 Ill. App. 641; Norton v. Doherty, 3 Gray (Mass.) 372, 63 Am. Dec. 759; Vanleer v. Earle, 26 Pa. 279; Carter v. Glass, 44 Mich. 154, 6 N. W. 200, 38 Am. Rep. 240; Trice v. Cockran, 49 Va. 442 (8 Grat.), 56 Am. Dec. 151.

It appearing that this express warranty was made and that the lot was short 20 feet in width and 11 feet in depth from that deeded to the plaintiff, we affirm the judgment of the trial court.