# JANUARY TERM, 1950.*

GATES RUBBER COMPANY *v.* KOLD-HOLD
MANUFACTURING COMPANY.

SALES—DEFECTIVE REFRIGERATION MACHINE—USE OF SUBSTITUTE—
DRY ICE—DAMAGES.

Use of substitute for machine, guaranteed to produce a tem·
perature between zero and –80° F and to hold within a tol·
erance of 3° plus or minus any predetermined temperature
within such range, was within the right of plaintiff where
plaintiff was deprived of the use of the refrigeration ma·
chine by reason of its being defective and no other machine
to serve such purpose was rentable, hence cost of using dry
ice less cost of operating machine had it been in usable
condition was an element of damages properly chargeable to
defendant.

Appeal from Ingham; Coash (Louis E.), J. Sub·
mitted January 3, 1950. (Docket No. 13, Calendar
No. 44,357.) Decided February 28, 1950.

Assumpsit by Gates Rubber Company, a Colorado
corporation, against Kold-Hold Manufacturing
Company, a Michigan corporation, to recover cost
of repairs to a refrigeration machine and for dam·
ages for purchase of dry ice used by plaintiff while
machine was not in working order. Judgment for
plaintiff as to both items. Defendant appeals as to
item of damages for dry ice. Affirmed.

* Continued from Volume 326.

REFERENCES FOR POINTS IN HEADNOTES
15 Am Jur, Damages, §§ 136, 137, 147; 46 Am Jur, Sales, §§ 741, 742

(1)

*Gregg, Thompson, Glassen & Parr,* for plaintiff.

*Pierce, Planck & Ramsey,* for defendant.

SHARPE, J.   This is an action in assumpsit to recover the cost of repairs to a refrigeration machine and for damages for the purchase of dry ice by plaintiff while the machine was not in working order.

The cause was submitted on plaintiff's depositions and the essential facts are as follows:

Plaintiff is a Colorado corporation with offices and a laboratory in Denver, Colorado.   Defendant is a Michigan corporation with offices in Lansing, Michigan.   In October, 1942, plaintiff began negotiating with defendant company for a refrigeration machine similar to those manufactured by defendant.   As a result of these negotiations a machine was purchased and shipped to plaintiff company in June, 1943.   The purchase was made under an express warranty which read:

"This machine is guaranteed to produce any temperature between zero and −80° F, and to hold within a tolerance of 3° plus or minus, any predetermined temperature within this range."

Previous to ordering the machine, plaintiff had been using a box refrigerated by dry ice and with it plaintiff could obtain temperatures as low as minus 40° Fahrenheit.   After the machine was delivered and installed it was out of service for extended periods and plaintiff again resorted to the use of dry ice for its experimental work.   Plaintiff advised defendant on a number of occasions that the machine was not fulfilling the warranty of defendant.   Defendant attempted to remedy the defects, but failed to do so and eventually plaintiff called a refrigeration engineer who remodeled the machine and put it into service at a cost of $408.

The cause was tried before the court without a jury.  A judgment was rendered for plaintiff for the repairs to the machine in the sum of $493.71 and $750 in payment of the dry ice purchased and used during the periods when the machine was not operating as per the written guarantee.

In appealing defendant concedes that the cost of repairing and remodeling the machine is a proper charge, but urges that the cost of dry ice to operate a refrigerating box during the periods when the mechanical refrigerating machine was not operating is not a proper item of damages as it was not within the reasonable contemplation of the parties that if the machine which was warranted by defendant should break down that plaintiff would revert to its previous use of a dry ice box as a substitute.

In *Hutchinson Manufacturing Company* v. *Pinch,* 91 Mich 156 (30 Am St Rep 463), plaintiff failed to put in certain machinery and make certain repairs within a 10-day period resulting in the stopping of the mill while the machinery was being put in.  We there said:

"His damage is the value of the use of the mill while it was so kept idle by the plaintiff's fault."

In *Glann* v. *White,* 181 Mich 320, plaintiff began an action for breach of warranty of the soundness of a team of horses sold by defendants to plaintiff. At the time of the sale of the team of horses defendants knew that plaintiff was going to use them for farm purposes.  One of the horses was taken sick and died a week later.  An element of damages claimed by plaintiff was, "damages to plaintiff in delaying farm work."  We there said:

"In this action it was proper for plaintiff to recover compensation for all loss or injury sustained."

In *Lutz* v. *Hill-Diesel Engine Co.*, 255 Mich 98, plaintiffs were deprived of the use of a boat by the failure of defendant to deliver and install an engine in their boat as agreed upon. We there held that evidence of rental value of a boat was properly received in an action for breach of warranty where buyers were deprived of use of the boat.

In the case at bar plaintiff was deprived of the use of the refrigeration machine by reason of its being defective. Under the above authority plaintiff had the right to rent another machine that would serve its purpose, but such a machine was not rentable. Under such circumstances plaintiff had the right to use a substitute. The use of dry ice in a box was the substitute used. In our opinion the reasonable cost of using dry ice less what would have been the cost of operating the machine, if it had been in usable condition, was an element of damages properly chargeable to defendant. The amount of damages found by the trial court is in harmony with this rule.

The judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.