## Robison v. Provident Trust Company of Philadelphia et al.

*Rodney T. Bonsall,* of *Evans, Bayard & Frick,* for plaintiff.

*Albert M. Hoyt, Jr.,* of *Drinker, Biddle & Reath,* for defendants.

CRUMLISH, J., June 16, 1950.—This is a petition for declaratory judgment. The matter is before us on petition, defendant's preliminary objections, and stipulation of counsel.

Petitioner, on March 4, 1922, executed and delivered to respondent his bond, accompanied by a mortgage in the principal sum of $7,500, secured upon premises 235 South 12th Street, Philadelphia. In this transaction, it is admitted he acted as a straw person. Thereafter, he promptly conveyed the premises to the real owner, one Derham. On September 13, 1930, a permit was issued for the demolition of the building erected on the mortgaged premises. On or about October 3, 1930, respondent first became aware of the demolition but offered no interference. Petitioner contends that respondent failed to advise him of the demolition but neglects to state the date of the first notice thereof to him. On March 14, 1934, the principal of the mortgage was reduced by payment of $250 on account. On April 26, 1949, foreclosure proceedings were instituted, and on July 5, 1949, respondent purchased the property at sheriff sale. On November 3, 1949, respondent filed a petition, which is pending, to have this court fix the fair market value of the property sold as aforesaid. Judgment on plaintiff's bond has been entered in the Court of Common Pleas for Montgomery County.

It is petitioner's contention that the "acts or failure to act" (failure to stop demolition of the building and retaining a security thus diminished in value so as to forestall his recovery over against the estate of his grantee) on the part of the mortgagee were such as to relieve him of personal liability and that a favorable judgment or order in these proceedings would avoid litigation over the status of petitioner's liability under his bond.

The first question which presents itself is whether or not this is a situation which calls for relief by a declaratory judgment. We agree with learned counsel for the litigants that the question here involved is not the subject of determination in the proceedings instituted under the Deficiency Judgments Act. Section 6 of the Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621.6, unmistakably settles any question on this point. It is therein stated: "At such hearings the *only issue* before the court shall be the fair market value of the property sold at the time of said sale . . ." (Italics supplied).

The Uniform Declaratory Judgments Act of June 18, 1923, sec. 6, as amended by the Act of April 25, 1935, P. L. 72, sec. 1, and the Act of May 26, 1943, P. L. 645, sec. 1, 12 PS §836, provides, inter alia:

"Relief by declaratory judgment or decree *may be* granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the *court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding* . . . the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the

other essentials to such relief are present . . ." (Italics supplied.)

Section 12 of the Act of 1923 provides:

"*Construction.* This act is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." (12 PS §842.)

The record before us indicates that the foreclosure proceedings were instituted by sci. fa. sur mortgage. Also the record shows that the only judgment confessed by authority of the warrant of attorney accompanying petitioner's bond is in the Court of Common Pleas for the neighboring County of Montgomery. In these proceedings petitioner is asking us to hold that he is relieved of liability because of the conduct of his mortgagee and obligee. In effect, he is asking us to determine whether or not the judgment entered in another court of concurrent jurisdiction may be disregarded. This we cannot do. See Doyle v. Commonwealth ex rel. Davis, 107 Pa. 20 (1884) ; Commonwealth v. Shecter, 250 Pa. 282, 289 (1915), and Commonwealth v. Seechrist, 27 Pa. Superior Ct. 423, 427 (1905). Furthermore, under the authority of the Declaratory Judgments Act we must be satisfied "that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceedings . . ." Even if we should rule in petitioner's favor, our ruling would not terminate the controversy giving rise to the proceedings. It still remains for petitioner to apply to the Court of Common Pleas for Montgomery County for relief. Just what consideration that court would give any ruling we might make in the instant proceedings, which is not binding upon it, is incapable of determination at this time.

Finally, since the proper forum for the determination of the questions raised by petitioner in these pro-

232

ceedings is the Court of Common Pleas for Montgomery County, where judgment has been entered against him, we feel that any ruling such as he here asks would be an abuse of discretion.

For the foregoing reasons, we decline to enter a judgment as prayed for in these proceedings. Petition dismissed.