Commonwealth, Appellant, *v.* Christopher.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. T. Thompson*, with him *W. Bertram Waychoff*, District Attorney, and *Montgomery, Thompson and Baily*, for appellant.

*Wade K. Newell*, with him *William H. Sayers*, for appellees.

PER CURIAM, May 18, 1951:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Greene County granting a defendant's motion for discharge after the jury had failed to agree. The ruling being against the Commonwealth on a pure question of law, it has

the right to appeal (*Com. v. Bienkowski,* 137 Pa. Superior Ct. 474, 478, 9 A. 2d 169), and the order will be reviewed by us on this appeal.

The defendant Roxie Christopher was indicted with Charles J. Samuel and Ralph Hice (1) for obtaining money under false pretenses, and (2) for conspiracy to defraud. When the case was called for trial the defendant Charles J. Samuel failed to appear. The jury found the defendant Ralph Hice not guilty on the count charging false pretense, and as to the defendant Roxie Christopher the jury was unable to agree on a verdict. A demurrer to the Commonwealth's evidence had been sustained by the trial judge as to the second count in the bill of indictment, but the demurrer was overruled as to the first count.

After the jury had been discharged, the defendant Roxie Christopher presented a motion for her discharge which the court granted. The reason given by the court below for discharging the defendant was that the evidence was insufficient to convict, and that the jury should have been so instructed or the demurrer should have been sustained as to both counts in the bill of indictment.

The jury having been discharged after their failure to agree on a verdict, there may be a second trial of the defendant for the same offense.[1] See *Com. v. Kent,* 355 Pa. 146, 147, 49 A. 2d 388; *McCreary v. Commonwealth,* 29 Pa. 323. In that event the trial court may have an opportunity to act, as the circumstances re-

---

[1] "In Thompson v. United States [155 U. S. 271], 274, the United States Supreme Court said: '. . . courts of justice are invested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury; . . .'": *Com. v. Almeida,* 362 Pa. 596, 637, 68 A. 2d 595, 615.

quire, in conformity with established procedure in criminal cases.

There is no authority for a trial court to enter judgment contrary to the verdict of a jury in a criminal case. The procedure relating to the entry of judgment non obstante veredicto is not applicable to criminal prosecutions. *Com. v. Heller,* 147 Pa. Superior Ct. 68, 24 A. 2d 460. If the trial court concludes that error has been committed in refusing to direct a verdict for a defendant, the remedy, after a verdict of guilty, is to grant a new trial. *Com. v. Haimbach,* 151 Pa. Superior Ct. 581, 584, 30 A. 2d 653. And likewise there is no authority where the jury has been discharged after it has been unable to agree on a verdict to grant a defendant's motion for discharge. The Act of April 20, 1911, P. L. 70, §1, 12 PS §684, relating to a judgment on a request for binding instructions, after a disagreement of a jury, has not been extended to criminal prosecutions. In *Com. v. Haimbach,* supra, 151 Pa. Superior Ct. 581, 30 A. 2d 653, defendant having withdrawn his motion for a new trial, we said the scope of a motion to discharge the defendant was restricted to that of a motion in arrest of judgment. A motion in arrest of judgment will be granted only for causes appearing upon the face of the record, which consists of the indictment, the plea and issue and verdict, and the insufficiency of the evidence gives no support to such a motion. *Com. v. Long,* 131 Pa. Superior Ct. 28, 198 A. 474. Likewise, the Act of June 5, 1937, P. L. 1703, No. 357, §1, 19 PS §481, has no bearing upon defendant's motion for discharge. See *Com. v. Heller,* supra, 147 Pa. Superior Ct. 68, 24 A. 2d 460.

The order of the court below discharging defendant is reversed.