Commonwealth ex rel. Sell, Appellant, *v.* Burke.

Submitted September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Irvin A. Sell,* appellant, in propria persona.

*Alfred C. Alspach,* Assistant District Attorney and *William C. Storb,* District Attorney, for appellee.

OPINION BY RHODES, P. J., December 29, 1953:

Relator was indicted on December 12, 1950, in Lancaster County upon two bills of indictment each charging burglary and larceny.

At the time the true bills were found relator was incarcerated in the Huntingdon County jail from which he and an accomplice made their escape. Upon being apprehended they were convicted of prison breach and sentenced to the Western State Penitentiary. On January 29, 1952, relator was released from that institution and brought to Lancaster County on detainer. At the request of his attorney, relator was not tried at the next session of court which was in March; but he came to trial on June 11, 1952. The jury did not agree and was discharged. He was represented by counsel of his own choice at this trial. His counsel later withdrew from the case, but relator secured other counsel who represented him when he was retried on September 9, 1952, and convicted on both bills of indictment. The Court of Oyer and Terminer of Lancaster County imposed consecutive sentences on the respective bills for terms of imprisonment in the Eastern State Peni-

tentiary of not less than five years nor more than ten years.

Relator's petition for writ of habeas corpus was filed in the Court of Common Pleas of Lancaster County on December 2, 1952. A rule was issued and answers were filed by the District Attorney of Lancaster County and the Warden of the Eastern State Penitentiary. A hearing was held on December 19, 1952, at which relator was present. He confined himself to arguing his contentions and to the cross-examination of Commonwealth's witnesses. On May 1, 1953, the court filed an opinion and order discharging the rule and dismissing the petition. From the order relator has appealed.

There is no merit in relator's appeal, and the order will be affirmed. The allegations in relator's petition relate principally to alleged errors and irregularities in the trial and to the sufficiency of the evidence upon which he was convicted. These are matters which may be raised on appeal but they do not come within the purview of a habeas corpus proceeding.[1] However, we shall briefly discuss the questions raised by the relator.

Relator contends that he was denied his right to a speedy trial because, although indicted in December, 1950, he was not convicted until September, 1952. The conclusive answer to this contention is that such delay was occasioned entirely by relator's own conduct and assent. See *Com. v. Zec*, 262 Pa. 251, 105 A. 279. He had escaped from jail and by reason thereof was compelled to serve a term of imprisonment for prison

---

[1] *Com. ex rel. Marelia v. Burke*, 366 Pa. 124, 75 A. 2d 593; *Com. ex rel. Geiger v. Burke*, 371 Pa. 230, 89 A. 2d 495; *Com. ex rel. Gaito, Jr., v. Claudy*, 172 Pa. Superior Ct. 242, 94 A. 2d 107; *Com. ex rel. Howard v. Claudy*, 172 Pa. Superior Ct. 574, 93 A. 2d 906.

breach. After having been returned to Lancaster County his counsel requested a continuance from the March session to the June session of court. As the jury disagreed the case was necessarily tried at the following term of court in September.

Relator now questions the use of copies of the bills of indictment, instead of the originals, at the trial. The reason therefor was that several defendants were jointly indicted in the bills. At the time relator was brought to trial three of the defendants had entered pleas of guilty which were endorsed on the indictments and a fourth had been convicted, which was likewise noted on the original bills. The use of copies of the indictments was to prevent relator from being prejudiced as a result of the acquisition of knowledge by the jury as to the disposition of the prosecutions of relator's four accomplices. When the District Attorney at the trial asked permission of the court to follow such procedure, relator's counsel stated that he had no objection thereto. If there was any objection to this method of procedure, of which relator was the beneficiary, it should have been expressed at the time.

Relator's next complaint is that the trial court refused his request for a continuance based on the allegation that two of his witnesses, to wit, his mother and sister, were ill and unable to appear in court. In substantiation of such request relator's counsel had presented a doctor's certificate to that effect. The court, however, appointed another physician to examine the witnesses and he reported to the court that the two witnesses were malingerers who were able to be present in court. The court thereupon denied the motion for continuance. It is sufficient to say in answer to this contention of relator that an application for a continuance is a matter addressed to the sound discretion of the trial court. Had this question been properly

raised on appeal, the action of the trial court would have been sustained as we perceive no abuse of discretion.

Relator further claims that the retrial in September, after the jury had previously disagreed and had been discharged, placed him in double jeopardy. This contention is without merit. The plea of former jeopardy under Article I, § 10, of the Constitution of Pennsylvania, is available to a defendant in a capital case only, and the provision in the Fifth Amendment to the Constitution of the United States prohibiting double jeopardy is a limitation on the powers of the Federal government and is not a limitation upon the states. *Com. v. Simpson,* 310 Pa. 380, 165 A. 498; *Com. v. Townsend,* 167 Pa. Superior Ct. 71, 76, 74 A. 2d 746; *Com. v. Gibbs,* 167 Pa. Superior Ct. 79, 83, 74 A. 2d 750. Where a jury has been discharged after its failure to agree on a verdict there may be a second trial of the defendant for the same offense. *Com. v. Christopher,* 168 Pa. Superior Ct. 592, 80 A. 2d 863.

Equally without merit is relator's contention that he was not present in court at the first trial when the jury disagreed and was discharged. Testimony was presented at the hearing on the petition to the effect that he was present; and this testimony was believed by the hearing judge whose duty it was to determine the facts under the circumstances. *Com. ex rel. Paylor v. Claudy,* 173 Pa. Superior Ct. 336, 342, 98 A. 2d 468. In view of the fact that relator was retried on the indictments, it would not seem material even if relator's contention were true. *Com. ex rel. Milewski v. Ashe,* 363 Pa. 596, 70 A. 2d 625. See, also, *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77.

Finally, there is no basis for relator's allegations that the notes of testimony of the first trial were

deliberately withheld from him. There was no compliance by him with the Act of May 11, 1911, P.L. 279, § 3, 12 PS § 1198. The question of unavailability of the notes of the first trial was not raised until the habeas corpus hearing.

We repeat, as stated in *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 126, 75 A. 2d 593, that a relator cannot obtain relief by habeas corpus for errors alleged to have occurred in the course of his trial; and that the question of the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus.

Relator has not established any denial of due process or other infringement of his constitutional rights.

The order of the court below is affirmed.

