Commonwealth ex rel. Sell, Appellant, *v.* Tees.

Submitted March 19, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Russell Sell,* appellant, in propria persona.

*Alfred C. Alspach,* Assistant District Attorney and *William C. Storb,* District Attorney, for appellee.

OPINION BY ERVIN, J., July 13, 1954:

The relator was found guilty of burglary and larceny by a jury and sentenced on two indictments to the Eastern State Penitentiary, where he is now confined, for a period of not less than ten nor more than twenty years. He was tried on June 11, 1952 when the court declared a mistrial. At that time he was represented by counsel retained by him, who later withdrew from the case. At the second trial on September 9, 1952 he was represented by other counsel retained by him, who has also withdrawn from the case. No application was made for a new trial although the relator was represented by counsel. This is an appeal from the order of the Court of Common Pleas of Lancaster County discharging a rule for a writ of habeas corpus, after hearing, at which the relator appeared in person and presented and argued his case.

Three alleged trial errors are presented in relator's brief, none of which may be raised in this type of proceeding. In *Goto v. Lane,* 265 U. S. 393, 401, the Supreme Court, in an opinion by Justice VAN DEVANTER, said: "The remedy is an extraordinary one, out of the usual course, and involves a collateral attack on the process or judgment constituting the basis of the detention. The instances in which it is granted, when the law had provided another remedy in regular course, are exceptional and usually confined to situations

where there is peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void. This case does not measure up to that test." It has been said many times by our appellate courts that an application for a writ of habeas corpus is not a substitute for an appeal or a writ of error.[1]

Relator in one indictment was charged with a series of burglaries and larcenies occurring on three separate nights, under similar circumstances, in the same locality in Lancaster County during a period of five days. Similar offenses were charged in the other indictment. No request for severance was made by his counsel at either trial. The lower court decided that relator was properly and fairly tried and that his rights were not prejudiced or injured by his trial on both indictments. This was clearly without error. *Com. ex rel. Haines v. Burke,* 173 Pa. Superior Ct. 477, 98 A. 2d 208.

The relator also avers that he was not present in court when the court declared a mistrial and dismissed the jury on June 11, 1952. The uncontradicted testimony shows that the relator was present at all times. In any event, he does not claim that he was not in court at all stages of the second trial. The lower court was clearly right in holding this petition to be without merit. *Com. ex rel. Sell v. Burke,* 174 Pa. Superior Ct. 344, 101 A. 2d 174, (a brother of this relator). These two men were jointly indicted and tried together.

---

[1] *Com. ex rel. McCabe,* 22 Pa. 450, 453; *Com. ex rel. Susan Wilson v. Keeper of the Jail of Phila. Co.,* 26 Pa. 279, 280; *Com. ex rel. McGlinn v. Smith, Warden,* 344 Pa. 41, 47, 24 A. 2d 1; *Com. ex rel. Smith v. Ashe,* 364 Pa. 93, 101, 71 A. 2d 107; *Com. ex rel. Carey v. Prison Keeper,* 370 Pa. 604, 606, 88 A. 2d 904; *Com. ex rel. Pickwell v. Burke,* 372 Pa. 450, 451, 93 A. 2d 482; *Com. v. Seechrist,* 27 Pa. Superior Ct. 423, 427.

As to the third point raised by relator, we repeat what was said by President Judge RHODES in *Com. ex rel. Sell v. Burke,* supra: "Relator now questions the use of copies of the bills of indictment, instead of the originals, at the trial. The reason therefor was that several defendants were jointly indicted in the bills. At the time relator was brought to trial three of the defendants had entered pleas of guilty which were endorsed on the indictments and a fourth had been convicted, which was likewise noted on the original bills. The use of copies of the indictments was to prevent relator from being prejudiced as a result of the acquisition of knowledge by the jury as to the disposition of the prosecutions of relator's four accomplices. When the District Attorney at the trial asked permission of the court to follow such procedure, relator's counsel stated that he had no objection thereto. If there was any objection to this method of procedure, of which relator was the beneficiary, it should have been expressed at the time."

Relator has not established any denial of due process or other infringement of his rights.

The order of the court below is affirmed.

