Commonwealth ex rel. Lewis, Appellant, *v.* Tees.

Submitted October 4, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Harvey Lewis,* appellant, in propria persona.

*C. Wayne Smyth,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 14, 1955:

This comes before us on appeal from the refusal of the Bradford County court to grant a writ of habeas corpus to the applicant, a prisoner in Eastern State Penitentiary serving a life sentence for indecent assault imposed under the Act of January 8, 1952, P. L. 1851, 19 PS §1166 et seq.

The petitioner raises a number of questions concerning the conduct of the trial, the sufficiency of the

evidence, the integrity of the witness, and similar matters which could have been raised upon appeal and which are not properly raised by a writ of habeas corpus. *Com. ex rel. Sell v. Burke,* 174 Pa. Superior Ct. 344, 347; 101 A. 2d 174 (1953); *Com. ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 25, 74 A. 2d 767 (1950).

He also argues that having been sentenced on February 27, 1953 to 23 months in jail his subsequent sentence of one day to life imposed for the same offense on April 24, 1953 was unlawful.

As February 27 and April 24 were during the same term of the Court of Quarter sessions of Bradford County there is no merit to the argument that the sentence once imposed, could not thereafter be increased. There is no need to examine the law on this point for it has been carefully reviewed and clearly set forth by Judge WRIGHT in *Com. ex rel. Berry v. Tees,* 177 Pa. Superior Ct. 126, 110 A. 2d 794 (1955).

There is no merit to any of the questions raised by the petitioner on this appeal.

Order affirmed.