Commonwealth ex rel. Taylor, Appellant, *v.*
Johnston.

Submitted April 9, 1956. Before RHODES, P. J., HIRT,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Roy T. Taylor,* appellant, in propria persona.

*L. Alexander Sculco,* District Attorney and *John K.
Best,* Assistant District Attorney, for appellee.

Opinion by Carr, J., July 17, 1956:

On November 4, 1955 relator presented a petition for a writ of habeas corpus to the Court of Common Pleas of Westmoreland County. The same day the district attorney filed an answer thereto and on November 7, 1955 the court refused the writ without a hearing. From that order relator appeals. Roy T. Taylor is presently confined in the Western State Penitentiary at Pittsburgh, Pennsylvania having been sentenced on February 18, 1955 to serve a term of not less than seven years nor more than fourteen years after pleading guilty to an indictment charging him with burglary and larceny. On the same day sentence was suspended on an indictment to which he had also entered a plea of guilty charging him with corrupting the morals of minors. Although the averments in his petition to the court below and his appeal to this court vary somewhat, the essential questions concern the irregularities of the preliminary proceedings and the circumstances under which he was induced to enter pleas of guilty to the indictments.

We do not deem it necessary to discuss the averments concerning irregularities in the preliminary proceedings. Our books are filled with cases which hold that the sufficiency or regularity of proceedings prior to a true bill returned by a grand jury on a bill of indictment and the entry of a plea of guilty thereon should not be first considered here on habeas corpus: *Com. ex rel. Geisel vs. Ashe*, 165 Pa. Superior Ct. 41.

Under the circumstances of this case the averment that relator was tricked into entering pleas of guilty does not warrant granting the writ. He sets forth in his petition to the court below that his attorney told him, "he would not receive much time," but his appeal to the court is that his attorney told him, "you won't

be given any time, you just sign here and I will take care of everything."

In determining whether or not the allegation warrants serious consideration we must consider the circumstances under which it was made. Both indictments bear the signatures of the relator to the plea of guilty and the crimes charged in the indictments appear directly above his signature. Contrary to relator's contention the district attorney's answer indicates that he was not unfamiliar with the procedure in criminal court. The record shows that at No. 226 July Term, 1954 he served thirty days in the county jail for aggravated assault and battery; that he served one month in the county jail on a sentence imposed at No. 182 July Term, 1954 for assault and battery; that at Nos. 12 and 47, May Term, 1948 he was given a suspended sentence of seven years on charges of forgery; that at No. 59 August Term, 1945 he was given a suspended sentence of five years on a charge of larceny; and that he served a term in the Ohio State Penitentiary for passing worthless checks. Needless to say, his previous experience was decidedly pertinent in determining whether he was aware of the gravity of the charges and competent to protect his constitutional rights. *Com. ex rel. Richter vs. Burke,* 175 Pa. Superior Ct. 255.

In the case of *Com. ex rel. Campbell vs. Ashe,* 141 Pa. Superior Ct. 408, 411 this court said: "(2) Conversations with the district attorney, in which he advised them, if guilty, to enter pleas without trial, even if they took place—which he denies—furnish no ground for a discharge of habeas corpus. Alleged promises by the county detective or jail warden to the effect that if they pleaded guilty to all charges, they would be sentenced on only one, likewise furnish no such ground. Both relators had been sentenced before and knew that

the judge alone did the sentencing, and the detective and warden could not speak for him. They likewise deny the statement."

Relator knowingly and voluntarily entered his pleas of guilty and now appears to be dissatisfied with the sentence which he received rather than with the matters which should properly be raised in a petition for a writ of habeas corpus.

There being no merit to the petition, the court below properly refused the same without a hearing.

Order affirmed.