## Commonwealth v. Clouser

*Herbert C. Nelson*, for Commonwealth.

*Anthony J. Giangiulio*, for defendant.

FORREST, J., November 2, 1956.—This case poses the interesting question of whether or not, assuming that defendant in a criminal action was entitled to a directed verdict, he is entitled to a discharge upon the disagreement of a jury.

Defendant, Frederick Clouser, was indicted and tried before the writer of this opinion and a jury on bills of indictment charging him with commission of sodomy, assault and battery with intent to ravish and indecent assault. The trial judge refused defendant's motion for binding instructions and submitted the case to the jury. After deliberating for more than an hour, the jury returned to the courtroom, and the foreman announced that the jury found defendant not

guilty as to all of the bills of indictment. A poll of the jury was allowed at the request of the district attorney. As to the charge of sodomy, one of the jurors announced a finding of guilty. Whereupon at the request of the trial judge, the jury deliberated further. However, they failed to achieve a unanimous verdict on the issue of sodomy by the same vote of 11 to 1, and the court discharged them from further consideration of the case.

Thereafter, counsel for defendant filed a paper entitled "Exceptions to Court's Refusal to Grant Binding Instructions" and assigned as the reason that "the evidence presented by the Commonwealth was insufficient as a matter of law and the learned trial judge erred in refusing to direct the jury to find the defendant not guilty." Such "exceptions" are unknown to this court and no authority has been produced in support thereof, although they have considerable merit from the standpoint of one who insists upon finding logic in the law.

It is argued as a matter of logic in civil litigation: "Whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party presenting the point may, . . . move the court . . . for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, unless it shall be of opinion that the case should be retried . . . to enter such judgment, if any, as under the law should have been entered upon that evidence at the time of trial . . ." (Act of April 20, 1911, P. L. 70, sec. 1, 12 PS §684), and in criminal prosecutions, a procedure is provided for in the following words: "Hereafter, in all criminal prosecutions . . . in which the jury shall have rendered a verdict against the defendant, the defendant . . . may make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge,

and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the conviction, it shall forthwith discharge the defendant and dismiss the case": Act of June 15, 1951, P. L. 585, sec. 1, 19 PS §871.

Since the court in proper cases may discharge a defendant who has been convicted, a fortiori, it is argued, the court may discharge a defendant where a jury has failed to agree upon a verdict. In its opinion upon a case decided before the effective date of the Act of June 15, 1951, supra, the Superior Court stated: "... there is no authority where the jury has been discharged after it has been unable to agree on a verdict to grant a defendant's motion for discharge": Commonwealth v. Christopher, 168 Pa. Superior Ct. 592, 595 (1951).

In Commonwealth v. Hess, 63 D. & C. 339, 343, 344 (1948), counsel for defendant after disagreement of a jury filed a "motion for judgment on the whole record." Observing that "we know of no such proceeding in our criminal jurisprudence," the court stated: "We doubt that the trial court could on its own motion or motion of defense counsel reconsider its action on the demurrer, once it had been refused, the case submitted to the jury and the jury disagreed, as in the instant case ... in the absence of a verdict in this case we are without authority in law to reconsider the trial court's action on the demurrer." The law enunciated in these decisions is unchanged by the Act of 1951, which by its express terms is limited to cases where verdicts have been rendered against defendants.

We are asked to legislate judicially, which is not our prerogative. "What the legislature failed to include, a court may not add": Altieri v. Allentown Retirement Board, 368 Pa. 176, 181 (1951). Assuming for present purposes that the demurrer to the evidence should have been sustained in this case, we are of the

opinion that, since no statutory or decisional authority in support of defendant's contention has been cited, we must reject it. Correction of the evil, if it be considered such, is for the legislature and not for this court.

.And now, November 2, 1956, defendant's "exceptions to the court's refusal to grant binding instructions" are overruled. An exception to this order is allowed to defendant.