## Commonwealth ex rel. Mitchel v. Myers

*Milton Mitchel,* p. p., for petitioner.

*Victor H. Blanc,* District Attorney, and *L. M. Aglow,* Assistant District Attorney, for Commonwealth.

SLOANE, J., January 13, 1958.—After he was tried, convicted and sentenced for robbery before Judge Griffiths without a jury, relator petitioned this court for habeas corpus. Alleging illegal arrest and search and seizure, denial of bail, lack of probative evidence and insufficient evidence, relator concluded these irregularites denied him due process and deprived the trial court of jurisdiction.

The nature and scope of habeas corpus are settled ground; relator cannot enlarge them. Historically, "this most celebrated writ" was not issued, of course, but for probable cause.[1] Today the necessary probable cause one convicted of a crime must show is an illegal sentence, an illegal detention or a trial so "fundamentally unfair as to amount to a denial of due process or other constitutional rights of the accused"[2]: Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 494; Commonwealth ex rel. Murray v. Keenan, 186 Pa. Superior Ct. 107; Commonwealth ex rel. Schultz v. Smith, 139 Pa. Superior Ct. 357.

---

1. 3 Blackstone, Commentaries on the Laws of England 132, especially Lord Chief Justice Vaughan's comment in Bushel's Case, 2 Jon. 13, quoted in the text.

2. The United States Supreme Court has enlarged the scope of due process and thereby widened the coverage of habeas corpus to include the case of an uncounseled relator whom the trial judge sentenced after either considering misinformation in his prior criminal record or misreading that record, where the relator was without opportunity to correct the careless or designed pronouncement of sentence on a foundation so materially false: Commonwealth ex rel. Townsend v. Burke, 361 Pa. 35. See statement of our Supreme Court in Commonwealth ex rel. Elliott v. Baldi, supra 373 Pa. 489, 493.

Equally well settled is that habeas corpus is a civil proceeding and not a substitute for appeal or motion for new trial in criminal cases: Commonwealth ex rel. Stepper v. Banmiller, 393 Pa. 1; Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124, substitute for appeal; Commonwealth ex rel. Gaito v. Claudy, 172 Pa. Superior Ct. 242, a civil proceeding. This being so, illegal arrest, illegally obtained evidence, alleged trial errors, sufficiency or insufficiency of evidence upon which conviction is based, are outside the purview of habeas corpus proceedings: Commonwealth ex rel. Bollinger v. Myers, 185 Pa. Superior Ct. 160, illegal arrest and evidence; Commonwealth ex rel. Taylor v. Johnston, 181 Pa. Superior Ct. 600; Commonwealth ex rel. Sell v. Burke, 174 Pa. Superior Ct. 344; Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350, trial error and sufficiency of evidence.

The foregoing principles are dispositive of relator's contentions. One point remains: Relator alleged that, because of his inexperience with court procedure, he did not appreciate his right to a jury trial and consequently failed to waive this right intelligently, despite the advice of court-appointed counsel. There is no merit to this contention. At 18, relator was before Judge Milner on a charge of aggravated assault and battery by bottle, two years later Judge Carroll sentenced him to the State Industrial School for receiving stolen goods and burglary. As late as 1955, he was before Judge Guerin charged with robbery, for which he was convicted.

Relator is no stranger to the criminal court, nor to its procedures. He waived jury trial on the advice of court-appointed counsel. His due process was intact. Cf. Commonwealth ex rel. Stepper v. Banmiller, 393 Pa. 1; Commonwealth ex rel. Taylor v. Johnston, 181 Pa. Superior Ct. 600.

256

The writ of habeas corpus was denied.