## Commonwealth, Appellant, *v.* Jackson.

Submitted December 4, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

498

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Robert B. Mozenter,* for appellee.

OPINION BY JACOBS, J., March 27, 1973:

This case presents two issues: whether in a criminal case a motion in arrest of judgment may be granted for insufficient evidence upon a record diminished by exclusion of certain evidence actually received; and whether such a motion may be granted for reasons, not appearing on the record's face, of judicial economy, protection of a defendant, and judicial fairness.

On October 20, 1970, detectives of the Philadelphia district attorney's office obtained and executed a search warrant for a house in Philadelphia occupied by the defendant and his wife. One of the officers testified at a subsequent suppression hearing that upon the detectives' approach to the house he observed someone looking through the venetian blinds in the front door and heard a voice yell, "It is the cops; it is the cops." He stated that he then heard footsteps inside the house. Without further delay and without verbal announcement of identity or purpose, the officers forced the door open and entered the premises. Their search produced

a quantity of heroin, as a result of which defendant was indicted for possession of narcotic drugs.

On February 1, 1971, defendant filed an application to suppress evidence obtained in the search, alleging that the warrant was issued without probable cause. Having found the existence of probable cause, the suppression hearing judge denied the application and defendant was subsequently tried nonjury before another judge. Following a verdict of guilty of possession of narcotic drugs, defendant filed timely motions in arrest of judgment and for a new trial. On August 23, 1972, the trial judge granted the motion in arrest of judgment.

From the lower court's order, the Commonwealth appeals.

In its opinion in support of the order arresting judgment, the lower court relies upon two grounds: (1) insufficiency of the evidence and (2) the interest of justice, as represented by avoidance of a retrial which would lack sufficient evidence for conviction, avoidance of further burdens upon a defendant whose constitutional rights have been seriously violated, and fairness in the judicial process. Both of these grounds are premised upon an assumption that the suppression hearing judge erred in refusing to exclude evidence obtained in the above-described search, the execution of the search warrant being regarded by the lower court as illegal.[1]

---

[1] In view of our disposition of this case, it is not necessary to decide whether the execution of the warrant was rendered legal by virtue of special circumstances permitting an absence (1) of express announcement of police identity and purpose and (2) of a period of time before entry during which the occupants' privacy could have been voluntarily surrendered (*see Commonwealth v. Cerulla*, 223 Pa. Superior Ct. 24, 296 A.2d 858 (1972) ; *Commonwealth v. Mc-Aleese*, 214 Pa. Superior Ct. 228, 252 A.2d 380 (1969) ) ; or whether the defendant's failure to raise the issue of execution of the war-

With regard to the first ground, insufficiency of the evidence, it is clear that the lower court viewed the record as it would have been constituted had the challenged evidence not been received. A number of Pennsylvania Supreme Court cases indicate, however, that the entire record as actually constituted should have been considered. "[I]n passing upon [a motion in arrest of judgment], all evidence actually received must be considered, whether the trial rulings thereon were right or wrong." *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965). In *Tabb*, the Pennsylvania Supreme Court reversed an order in arrest of judgment which was based upon insufficient evidence resulting from a view of the record as it would have been constituted had an allegedly involuntary confession been excluded. *See also Commonwealth v. Hazlett*, 429 Pa. 476, 240 A.2d 555 (1968) ; *Commonwealth v. Crews*, 429 Pa. 16, 239 A.2d 350 (1968) ; *Commonwealth v. Maybee*, 429 Pa. 222, 239 A.2d 332 (1968). When the evidence actually received in the present case is considered, it is clear that it was sufficient to sustain the conviction.[2]

With regard to the second ground relied upon by the lower court in arresting judgment—the interest of justice, as represented by judicial economy, protection

rant in his application for suppression constituted a waiver of reliance upon that ground for exclusion of evidence (*see Commonwealth v. Bowen*, 19 Chest. 8 (1969)) ; or whether circumstances exist in the present case which permit a trial judge acting as a post-trial motion judge to overrule a refusal to suppress by a suppression hearing judge of equal jurisdiction (*see* Pa. R. Crim. P. No. 323(j) ; *Commonwealth v. DeMichel*, 442 Pa. 553, 277 A.2d 159 (1971)).

[2] In an evaluation of the sufficiency of the evidence on a motion in arrest of judgment, "the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom." *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965).

of the defendant, and judicial fairness—it is a well-settled general principle that only causes appearing on the face of the record or insufficiency of the evidence will justify a granting of a motion in arrest of judgment.[3] The record, for purposes of the rule, consists of "the indictment, the plea and issue and verdict." *Commonwealth v. Christopher*, 168 Pa. Superior Ct. 592, 595, 80 A.2d 863, 865 (1951). In the present case, none of the reasons cited by the lower court appears on the face of the record. Consequently, we believe the order of the court must be reversed and the record remanded for disposition of the pending motion for a new trial.

Order reversed with a procedendo.

---

[3] *See Commonwealth v. Christopher*, 168 Pa. Superior Ct. 592, 80 A.2d 863 (1951) (only cause appearing on face of record said to be ground for granting motion in arrest of judgment) and the Act of June 15, 1951, P. L. 585, § 1, 19 P.S. § 871 (insufficiency of evidence made additional ground for granting motion in arrest of judgment).

The grounds for granting a new trial are, of course, more extensive than those for granting a motion in arrest of judgment. *See, e.g., Commonwealth v. Harbaugh*, 197 Pa. Superior Ct. 587, 179 A.2d 656 (1962) (arrest of judgment held inappropriate in case in which evidence was sufficient to sustain verdict, but new trial granted in interest of justice after weighing of evidence).