J-S11022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
COREY VINCENT MIRT : No. 910 WDA 2016

Appeal from the Judgment of Sentence Entered May 25, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015681-2015

BEFORE: OLSON, J., RANSOM, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY RANSOM, J.: **FILED MAY 17, 2017**

The Commonwealth of Pennsylvania appeals from the judgment of sentence, imposed upon Appellee May 25, 2016, following his conviction for theft by unlawful taking, receiving stolen property, and criminal conspiracy. After careful review, we vacate the judgment of sentence, reinstate the court's initial verdict, and remand for resentencing.

The facts underlying the charges against Appellee, Corey Vincent Mirt, are uncontroverted. Appellee stole jewelry valued at more than $4,600 from the victim's home. Appellant was charged with one count each of theft by unlawful taking, receiving stolen property, and criminal conspiracy.[1] In May 2016, following a stipulated bench trial, the trial court found Appellee guilty

_____

[1] 18 Pa.C.S. § 3921(a), 3925(a), and 903(a)(1), respectively.

_____

* Former Justice specially assigned to the Superior Court.

of the aforementioned charges, all graded as third-degree felonies.[2]  Notes of Testimony (N.T.), 5/25/2016, at 24-25.

The trial court immediately proceeded to sentencing, during which time the court changed Appellee's verdict twice.  Upon learning that Appellee brought a check for the full amount of restitution, the court amended the verdict to one felony and two misdemeanors.  *Id*. at 26.  Then, after Appellee apologized to the victim, the trial court again amended Appellee's verdict, this time downgrading to three misdemeanors.  *Id*. at 27-30.  The court ultimately sentenced Appellee to three years of probation with a drug and alcohol evaluation and weekly urinalysis for the theft by unlawful taking conviction.  *See* Order of Sentence, 5/25/2016.  No further penalty was imposed for the remaining convictions.  *Id*.

In June 2016, the Commonwealth timely filed a notice of appeal and filed a court-ordered Pa.R.A.P. 1925(b) statement in July 2016.  The trial court issued a responsive opinion, acknowledging the merit of the Commonwealth's contention and stating that reversal would be proper.

The Commonwealth raises a single issue on appeal:

1. Whether the trial court, sitting as fact-finder at the [A]ppellee's non-jury trial, erred by amending its verdict—

---

[2] "[T]heft constitutes a felony of the third degree if the amount involved exceeds $2,000, … or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property."  18 Pa.C.S. § 3903(a.1).  Conspiracy is a crime of the same grade and degree as the most serious offense that is the object of the conspiracy.  18 Pa.C.S. § 905(a).

twice—after it had already been announced in open court and the proceedings had moved into the sentencing phase?

Commonwealth's Brief at 5.

> [When a jury trial is waived, the trial judge shall … render a verdict which shall have the same force and effect as a verdict of a jury.] This rule restricts the trial judge's authority over the verdict in a nonjury trial to one which is no greater than his or her authority over a jury verdict, and the authority of a trial judge over a jury verdict is limited to consideration of post[-]verdict motions in arrest of judgment or the granting of a new trial.

*Commonwealth v. Stark*, 584 A.2d 289, 290 (Pa. 1990) (internal citations omitted); Pa.R.Crim.P. 621(a). "[I]t is a well-settled general principle that only causes appearing on the face of the record or insufficiency of the evidence will justify a granting of a motion in arrest of judgment." *Commonwealth v. Jackson*, 302 A.2d 420 (Pa. Super. 1973).

In the instant case, there was no motion in arrest of judgment, and it is apparent from the record that the trial court's actions in amending the verdict were not predicated on the sufficiency of the evidence or causes appearing on the face of the record. Thus, the trial court lacked the authority to reconsider the facts and alter Appellee's verdict. *See Commonwealth v. Parker*, 451 A.2d 767 (Pa. Super. 1982) (*sua sponte* reconsideration of the facts and change of verdicts by the trial court exceeded the court's post-verdict authority); *Stark*, 584 A.2d at 291 (holding trial court's unsolicited change of verdict from guilty to not guilty during sentencing "a legal nullity"); *Commonwealth v. Gaither*, 513 A.2d

1034, 1035 (Pa. Super. 1986) (trial court confined to arrest of judgment review or review for new trial; court's reconsideration of facts and change of appellee's degree of conviction to parity the lesser conviction of co-defendant was improper).

As the trial court exceeded its post-verdict authority, we vacate the judgment of sentence; the verdicts of guilty of theft by unlawful taking, receiving stolen property, and conspiracy, all felonies of the third degree are reinstated. Upon remand, the court shall re-sentence Appellee.

Judgment of sentence vacated; verdict of guilty reinstated as felonies of the third degree; case remanded for sentencing; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017